57 F.3d 1082
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 DOW CORNING WRIGHT CORP., Plaintiff-Appellant,
v.
OSTEONICS CORP., Defendant-Appellee.
 No. 93-1282.
 United States Court of Appeals, Federal Circuit.
 April 28, 1995.
 
 Before NIES, Circuit Judge,* SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 NIES, Circuit Judge.
 
 
 1
 Dow Corning Wright Corporation (DCW) appeals the judgment entered following a jury verdict which found that Osteonics Corporation did not infringe DCW's U.S. Patent No. 4,474,177 ('177).[1] We vacate and remand.
 
 ANALYSIS
 
 2
 DCW sought a new trial on the ground, inter alia, that the verdict of noninfringement of claims 6, 7, 8, and 10 in this case was based upon legally impermissible claim interpretations. The district court denied the motion without analysis or explanation.
 
 
 3
 A motion for a new trial is reviewed for abuse of discretion. Kearns v. Chrysler Corp., 32 F.3d 1541, 1545 (Fed.Cir.1994), cert. denied, 131 L.Ed.2d 244 (1995). Where the district court's order rests on an error of law, abuse of discretion is shown. Id.; Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1569 (Fed.Cir.1993), cert. denied, 128 L.Ed.2d 192 (1994).
 
 
 4
 By an in banc opinion of this court, Markman v. Westview Instruments, 1995 U.S.App. Lexis 7593 (Fed.Cir. April 5, 1995), this court settled inconsistent precedent of this court and ruled "that in a case tried to a jury, the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim." Id. at * 34. We further held in Markman that the trial court's error in not instructing the jury as to the meaning of the claims "was rendered harmless by the court's response to [a party's] post-trial motion." Id. at * 43.
 
 
 5
 In this case, as in Markman, the district court erred in submitting the issue of claim interpretation to the jury. However, in this case, the error cannot be deemed merely harmless. The court's ruling on the motion for a new trial was one word, "Denied," which provided no indication that the trial court performed its obligation to construe the claim language as a matter of law. Further, we have been pointed to no other place in the record which might flesh out the court's summary ruling. In sum, we simply have nothing to review on the issue of claim interpretation.
 
 
 6
 DCW asks that this court interpret the claim itself and hold that there was literal infringement. It concedes that if Osteonics' claim interpretation is correct, there is no infringement. While entry of judgment is appropriate on a motion for judgment as a matter of law, here we have only a motion for a new trial before us for review which does not entitle DCW to such relief. Accordingly, we vacate the judgment and remand.
 
 
 7
 In view of the need for a new trial, DCW's arguments directed to the possible prejudice of one juror are mooted.
 
 
 8
 Inasmuch as the case must be retried, it is appropriate to rule on DCW's asserted error in the trial court's instructions on infringement. DCW asked for an instruction that infringement was established, inter alia, "if the accused devices are reasonably capable of being used in a manner that infringes the claim." We agree with the trial court that this proposed instruction would not have been correct. Where infringement is proved, it is no defense that a device may also be used in a noninfringing manner, but the converse is not true. See High Tech Medical Instrumentation v. New Image Indus., 33 USPQ2d 2005, 2008-09 (Fed.Cir.1995). In any event, the claims in issue here relate to structure and this issue of capability is simply the issue of claim construction in a different form.
 
 
 9
 We further note Osteonics' argument that, if the claim is interpreted to cover the intramedullary rod in its device, the claim is unpatentable over the prior art. The issue of validity was not tried. While we do not hold that both validity and infringement must always be tried, we wish to discourage piecemeal litigation. See Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1540-41 (Fed.Cir.1983).
 
 
 10
 For the foregoing reasons, we vacate the judgment in favor of Osteonics and remand for a new trial.
 
 COSTS
 
 11
 Each party shall bear its own costs.